UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MORELAND SMITH, | ) |
| Petitioner | ) ) ) |
| vs. | ) Case No. 2:16-cv-01486-MHH-HNJ ) |
| THE ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) ) ) ) |
| Respondent | ) |

**MEMORANDUM OPINION**

On September 12, 2016, the presiding magistrate judge filed a report in which he recommended that the Court dismiss petitioner Moreland Smith's 28 U.S.C. § 2254 petition for writ of habeas corpus because the petition is time-barred. (Doc. 2, pp. 4-6). The magistrate judge advised Mr. Smith of his right to file objections to the report and recommendation within 14 days. (Doc. 2, p. 7). Mr. Smith filed objections to the magistrate judge's report and recommendation. (Doc. 3).

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C). The Court reviews de novo legal conclusions in a report and reviews for clear error factual findings to which no objection is made. *Garvey v.*

*Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger*, 847 F.2d 745, 749 (11 th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

After careful consideration of the record in this case, including the magistrate judge's report and recommendation and Mr. Smith's objections, the Court adopts the magistrate judge's report and accepts his recommendation that the Court dismiss Mr. Smith's petition for writ of habeas corpus as time-barred. The Court is not persuaded by Mr. Smith's argument concerning the timeliness of his habeas petition. (Doc. 3, p. 4).

Pursuant to Rule 11 of the *Rules Governing § 2254 Cases*, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA). *See* 28 U.S.C. § 2253. Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition

should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. For the reasons stated in the magistrate judge's report and recommendation, the Court DECLINES to issue a COA with respect to Mr. Smith's claims.

The Court will enter a separate final order.

Done this 25th day of October, 2017.

_____
MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE